IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYMOND CHARLES LIGHTS, | § | |
| TDCJ #720222, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-3614 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Raymond Charles Lights (TDCJ #720222, former TDCJ #442194), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Lights has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the result of a prison disciplinary conviction. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.    BACKGROUND

Lights discloses that, on January 12, 1994, he was convicted of aggravated robbery with a deadly weapon in Harris County cause number 669577. He received a 95-year prison sentence in that case from the 178th District Court of Harris County, Texas. That conviction was affirmed on appeal. *See Lights v. State*, 14-94-0046-CR, 1996 WL

42038 (Tex. App. — Houston [14th Dist.] Feb. 1, 1996, pet. ref'd) (per curiam).  Lights remains incarcerated at the Ellis Unit in Huntsville.

Lights does not challenge his underlying conviction here.  Instead, Lights challenges the result of a prison disciplinary proceeding lodged against him at the Ellis Unit.  Lights, who has provided a memorandum in support of his petition, explains that he was charged in disciplinary case #20110312466 with fighting another inmate.  After a disciplinary hearing on July 1, 2011, Lights was found guilty as charged.  As punishment, Lights spent 15 days in solitary confinement.  The disciplinary hearing officer also restricted Lights to his cell and curtailed his commissary and recreational privileges for 45 days.  In addition, Lights was reduced in classification status from level S-3 to S-4.  Lights filed a step 1 and step 2 grievance to challenge the conviction, but his appeal was unsuccessful.

In the pending habeas corpus petition, Lights contends that he is entitled to relief from the disciplinary conviction because he was denied his right to due process.  He claims, in particular, that the charges were false and unsupported by any first-hand evidence.  He also claims that, although he had the assistance of a "counsel substitute," the assigned official did not conduct an adequate investigation or do anything else on his behalf and that he was denied effective counsel as a result.  For reasons set forth below, the Court finds that Lights fails to state an actionable claim under the standard of review that governs disciplinary proceedings in the prison context.

2

## II.      PRISON DISCIPLINARY PROCEEDINGS

The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."    28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness").    Thus, a habeas corpus petitioner must establish a constitutional violation in order to prevail.  The claims in this case are addressed below to determine whether the petitioner makes the requisite showing.

### A.      Ineffective Assistance of Counsel

By faulting the performance of his counsel substitute, Lights contends that he was denied his right to effective assistance of counsel in connection with his disciplinary conviction.  This claim is without merit.  It is true that the Sixth Amendment guarantees criminal defendants the right to have the assistance of counsel at trial.  *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).  Claims for ineffective assistance of counsel, however, are dependent upon the right to counsel.  *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam) (holding that absent a constitutional right to counsel, there can be no deprivation of the right to effective assistance of counsel); *United States v. Palomo*, 80 F.3d 138, 141 n.5 (5th Cir. 1996) (citations omitted) (same).  Inmates have no right to retained or appointed counsel at prison disciplinary proceedings.  *See Baxter v.*

*Palmigiano*, 425 U.S. 308, 315 (1976).  Because Lights had no right to counsel at his disciplinary proceeding, his ineffective-assistance claim fails as a matter of law.

### B.    Due Process

The remaining claims outlined in the pending petition take issue with the validity of the charges and the sufficiency of the evidence.  These claims are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  Liberty interests emanate from either the Due Process Clause itself or from state law.  *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  To the extent that the disciplinary conviction may affect the petitioner's eligibility for early release from prison, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence.  *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).  Under these circumstances, the petitioner's claims depend on the existence of a constitutionally protected liberty interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause.  *Sandin*, 515 U.S. at 487.  *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).  In Texas, only those inmates

4

who are eligible for mandatory supervision have a constitutional expectancy of early release.[1]   *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996).   It follows that a Texas prisoner cannot demonstrate a constitutional violation without first satisfying the following criteria: (1) he must be eligible for early release on mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of credit for good conduct (*i.e.*, good-time credit).   *See Malchi*, 211 F.3d at 957-58   (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Lights cannot demonstrate a constitutional violation in this case because he meets neither of the above-referenced criteria.   As Lights concedes in his petition, he is not eligible for mandatory supervision.   (Docket No. 1, ¶ 16).   Moreover, Lights did not lose any good-time credits as a result of the challenged prison disciplinary conviction. (Docket No. 1, ¶ 18).   This is fatal to his due process claims.   *See Malchi*, 211 F.3d at

---

[1]       There are two ways in which a state prisoner becomes eligible for early release from confinement in Texas.   The first is by "parole" and the second is by release on "mandatory supervision."   *See* TEX. GOV'T CODE § 508.001(5)-(6) (Vernon 2004). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced."   *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007).

957-58.   Although the disciplinary conviction at issue resulted in temporary cell restriction, a loss of privileges, and a reduction in classification status, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns.   *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).   Limitations imposed on privileges are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life.   *See id*.   Likewise, reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability are too attenuated to be protected by the Due Process Clause.   *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).   Because the sanctions at issue do not implicate a protected liberty interest, Lights cannot demonstrate a violation of the Due Process Clause.

In summary, Lights does not demonstrate that he was convicted of a prison disciplinary offense or punished in violation of the Due Process Clause or any other constitutional provision.   Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available.   *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995);   *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985).   Thus, the pending federal habeas corpus petition must be dismissed.

### III.   CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  A certificate of appealability is required before an appeal may proceed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong.  Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

IV.     **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.      The petitioner's motion for leave to proceed *in forma pauperis* (Docket No. 3) is **GRANTED**.

2.      The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

3.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas this 19th day of October, 2011.

_____
Kenneth M. Hoyt
United States District Judge

8